# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Dawntwai Hubbard,                                                     Case No. 3:15CV767

               Petitioner

        v.                                                               **ORDER**

Ed Sheldon, Warden,

               Respondent

       This is a habeas corpus proceeding under 28 U.S.C. § 2254 in which the petitioner, Dawntwai Hubbard, serving a sentence of 28 years to life following his conviction on murder and related crimes, raises four grounds for relief: 1) denial of his right of confrontation; 2) ineffective assistance of trial counsel; 3) failure of the trial court to instruct on a lesser included offense; and 4) improper withholding of evidence by the prosecutor.

       Briefly stated, the record shows that a neighborhood altercation involving the petitioner's daughter had escalated to the point where several of the persons who had been harassing the daughter verbally and physically approached the petitioner's residence. Someone in the group threw a concrete block through a front window.

       The petitioner got his gun, went out on his porch, and, as the assailants were running down the block, fired several shots in their direction. One victim died of his wounds; another, Candace Keys, was shot in her foot.

Following his conviction, the petitioner raised ten assignments of error on direct appeal. Only one of those assignments related to his claims for relief in this case: namely, that the failure to call Keys violated the Confrontation Clause.

The state appellate court denied nine of the petitioner's assignments of error; with respect to the tenth claim, it reversed and remanded for resentencing. That court subsequently denied petitioner's motion to reopen his appeal on timeliness grounds and on the merits. (Doc. 4–28). The Ohio Supreme Court declined to review both of the appellate court's decisions.

Magistrate Judge Parker, to whom the petition was referred, wrote an extensive and detailed Report and Recommendation. (Doc. 8).

He concluded: 1) contrary to the respondent's claim of procedural default, the petitioner had preserved his Confrontation Clause claim, but that the claim lacked merit; 2) the petitioner's failure to assert grounds two and four on direct appeal worked a procedural default, and no grounds existed to excuse the defaults; and 3) the state appellate court rejected the petitioner's lesser-included-offense-instruction claim on the basis that the petitioner failed to request such an instruction, and, alternatively, that the claim was not cognizable.

On review of the petitioner's objections (Doc. 11) to the well-reasoned and legally sound R&R, I conclude that none of the petitioner's objections is well taken.

## Discussion

### A. Confrontation Clause Claim

With regard to the Confrontation Clause claim, the Magistrate Judge found that the witness's testimony about Ms. Keys' statement on being shot was admissible under *Crawford v. Washington*,

541 U.S. 46 (2004). (Doc. 8 at 18–24). That conclusion was correct, as, under the circumstances, nothing about Ms. Keys' statements was "testimonial" under *Crawford*.

Most importantly, as Magistrate Judge Parker emphasized, Hubbard has not pointed to any allegedly testimonial statements that Keys herself made. (*Id.* at 21–22). The statements about which he complains were statements that other witnesses made while testifying at trial, and none of these witnesses relayed a statement – let alone a testimonial statement – that Keys made. They therefore provide no basis for a Confrontation Clause claim.

Petitioner's objection to this finding by the Magistrate Judge, though lengthy, is unpersuasive.

He points to multiple other statements that he claims were inadmissible. Even assuming that these other statements are properly before me, they do not present grounds for habeas relief in light of the doctrine that claims of evidentiary error are not cognizable in a habeas proceeding. *E.g.*, *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011).

There is no merit to petitioner's claim that the trial court violated his right of confrontation.

### B. Procedural Default

I have reviewed and considered petitioner's challenges to the Magistrate Judge's finding of default as to his other claims. Particularly in the face of the Magistrate Judge's exhaustive and entirely accurate analysis of the applicable principles (Doc. 8 at 24–32), petitioner's objections are entirely wanting. It would serve no useful purpose for me, in essence, to recast the R&R to say the same thing.[1]

---

[1] I am also of the view that, even if the petitioner's lesser-included-offense-instruction claim were cognizable, it would fail because the Supreme Court has not clearly established the right to such an instruction in non-capital cases. *Parker v. Burt*, 595 F. App'x 595, 605 (6th Cir. 2015)

**Conclusion**.

In light of the foregoing, it is hereby

ORDERED THAT:

1. The objections of the petitioner (Doc. 10) to the Magistrate Judge's Report & Recommendation be, and the same hereby are, overruled;

2. The Report & Recommendation of the Magistrate Judge (Doc. 8) be, and the same hereby is, adopted as the Order of this Court;

3. The petition for a writ of habeas corpus be, and the same hereby is, denied; and

4. No certificate of appealability shall issue, as reasonable judges would not debate that the petitioner's claims are meritless or procedurally defaulted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

(collecting cases).